1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | LANCE C. RAIKOGLO,                     CASE NO. C24-5494JLR

11 |                        Plaintiff,      ORDER

12 |              v.

13 | UNITED STATES OF AMERICA,
     et al.,

14 |
15 |                        Defendants.

16

## I.   INTRODUCTION

17      Before the court are (1) *pro se* Plaintiff Lance C. Raikoglo's complaint against

18 "United States Government (Joint Operations), ICE, CBI, USCIS, FEMA, TSA, [and]

19 HSI" ("Defendants") (Compl. (Dkt. # 5)); (2) Magistrate Judge Theresa L. Fricke's order

20 granting Mr. Raikoglo's application to proceed *in forma pauperis* ("IFP") and

21 recommending that the court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)

22 (IFP Order (Dkt. # 4)); and (3) Mr. Raikoglo's motion to appoint counsel (Mot. (Dkt.

# 6)).  The court has considered Mr. Raikoglo's submissions, Magistrate Judge Fricke's order, the relevant portions of the record, and the applicable law.  Being fully advised, the court DISMISSES Mr. Raikoglo's claims without prejudice and with leave to amend and DENIES Mr. Raikoglo's motion to appoint counsel.

## II.    BACKGROUND

This is the fifth lawsuit Mr. Raikoglo has filed in this court.  *See Klobas v. United States of America*, No. C23-6072BHS [*Raikoglo I*]; *Raikoglo v. United States of America*, No. C23-6073DGE [*Raikoglo II*]; *Raikoglo v. United States of America*, No. C23-6127DGE [*Raikoglo III*]; *Raikoglo v. United States Government*, No. C24-5128DGE [*Raikoglo IV*].  His previous cases were dismissed without prejudice.  *See* Judgments, *Raikoglo I* (Dkt. # 11), *Raikoglo II* (Dkt. # 7), *Raikoglo III* (Dkt. # 8), *Raikoglo IV* (Dkt. # 12).  The entirety of Mr. Raikoglo's allegations in the present lawsuit are as follows:

> "my civil sovereign rights are being attacked and I request Asylum from attack.  United States has affected the estate of my deceased Aunts and has made collecting trust left to me a[n] Abusive state of disregard as to compounding Attacks.  Request immediate relief, pursuant to me residing in U.S.A."

(Compl. at 2.)

Mr. Raikoglo filed his complaint contemporaneously with a motion to appoint counsel.  (*See generally* Mot.)  In his motion, Mr. Raikoglo writes that he has previously "tried" to retain an attorney but is "under attack by US Government."  (Mot. at 2.)

Magistrate Judge Fricke recommended review under 28 U.S.C. § 1915(e)(2) because "it did not appear [that Mr. Raikoglo] has adequately stated a claim."  (IFP Order.)

1

### III.   ANALYSIS

2    Below, the court reviews Mr. Raikoglo's complaint pursuant to 28 U.S.C.

3  § 1915(e)(2) before considering his motion to appoint counsel.

4  **A.    1915(e)(2)(B) Review**

5    Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP

6  complaints and must dismiss them if "at any time" the court determines that a complaint

7  fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *Lopez v.*

8  *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP

9  proceedings, not just those filed by prisoners).  Because Mr. Raikoglo is a *pro se*

10 plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974

11 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, his complaint must still contain factual

12 allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl.*

13 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the pleading standard announced

14 by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it

15 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

16 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring

17 the plaintiff to "plead[] factual content that allows the court to draw the reasonable

18 inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P.

19 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the claim

20 showing that the pleader is entitled to relief").

21    Mr. Raikoglo's complaint contains only conclusory allegations and an imprecise

22 request for "immediate relief."  (*See* Compl. at 2.)  He has failed to allege sufficient facts,

1    such as what "civil sovereign rights are being attacked," where and how those attacks are

2    taking place, and the individuals orchestrating those attacks, to give Defendants "fair

3    notice of what [his] claim is and the grounds upon which it rests."  *Pac. Coast Fed'n of*

4    *Fishermen's Ass'ns v. Glasser*, 945 F.3d 1076, 1089 (9th Cir. 2019) (quoting *Pickern v.*

5    *Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)).  Accordingly, the court

6    DISMISSES Mr. Raikoglo's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

7            When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

8    leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

9    the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the

10   Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Raikoglo

11   leave to file an amended complaint.  If he does so, he must include short, plain statements

12   setting forth:  (1) the legal basis for his claim(s); (2) the names of the defendants who

13   committed the offending conduct; (3) exactly what the defendants did or failed to do and

14   when that conduct occurred; (4) how the defendants' actions are connected to his legal

15   claims; and (5) the specific injury he suffered as a result of the defendants' conduct and

16   when he suffered it.  Mr. Raikoglo shall file his amended complaint, if any, by no later

17   than **August 16, 2024**.  The court warns Mr. Raikoglo that his failure to timely comply

18   with this order or to file an amended complaint that remedies the deficiencies discussed

19   in this order will result in the dismissal of his claims with prejudice and without leave to

20   amend.

21   //

22   //

ORDER - 4

**B.      Motion to Appoint Counsel**

The court next considers Mr. Raikoglo's motion to appoint counsel. The court has reviewed Mr. Raikoglo's motion and exercises its discretion to DENY it.

Generally, a civil litigant has no right to counsel. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).  The court "may," however, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The Ninth Circuit has instructed district courts to appoint counsel for indigent civil litigants if "[e]xceptional circumstances exist." *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 925 (9th Cir. 2017).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [litigant] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The first consideration, Mr. Raikoglo's likelihood of success on the merits, does not favor a finding of exceptional circumstances.  This is the fifth lawsuit Mr. Raikoglo has filed since late 2023, and each of his previous lawsuits has been dismissed.  The allegations contained in his most recent complaint come no closer to stating a plausible claim for relief.  The court finds that Mr. Raikoglo's likelihood of success on the merits is low.

The second consideration, Mr. Raikoglo's ability to articulate his claims in light of the complexity of the legal issues involved, is neutral.  On the one hand, Mr. Raikoglo

has considerable difficulty articulating his claims.  (*See* Compl. at 2.)  On the other hand, the court has no means of determining the complexity of the legal issues involved in this matter because Mr. Raikoglo's complaint is factually deficient and fails to specify his requested relief.  (*See id.*)

Taking these considerations together, the court finds that this is not an exceptional case warranting appointment of counsel.  The court therefore DENIES Mr. Raikoglo's motion to appoint counsel without prejudice to filing a renewed motion after filing his amended complaint.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Raikoglo's complaint (Dkt. # 5) with leave to amend.  Mr. Raikoglo shall file his amended complaint by no later than **August 16, 2024**.  The court DENIES Mr. Raikoglo's motion to appoint counsel (Dkt. # 6).

Dated this 30th day of July, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 6